and the whole matter had ceased to be depending anywhere long before this motion was filed. It was not filed in any cause, for there was no such cause depending; and granting it would be wholly unavailing. Courts frequently, or sometimes, overrule former decisions upon the same question, and decide it differently in new cases; but the former judgments, nevertheless, stand. Hepburn v. Griswold, 8 Wall. [75 U. S.] 603; Legal-Tender Cases, 12 Wall. [79 U. S.] 457. It would not be practicable, nor tolerable, for courts to go back and change all judgments, to make them conform to every change of opinion of the court, held by different or even the same judges. There is no doubt but that courts have power, after cases therein have been ended, on direct application for that purpose by one party and service upon the other, to bring forward causes and correct the judgments therein; but, when so done, the corrected judgments are entered as of the time when the corrections are made, and in causes brought forward and made to be again pending between the parties. Here, no attempt is made to bring forward the cause. The application is not at all for that purpose, nor adequate to that end. It is based upon the supposition, that now the court can take up the motion for a new trial, and decide it over again. If now, then it might for a long time hereafter, and the judgments of courts, instead of ending litigation absolutely with reference to matters litigated, would end it only at the satisfaction of all parties, or the pleasure of the judges.

The cause was tried as the parties chose to present it, was heard on a motion for a new trial, in due course, and decided upon grounds satisfactory to the court as then constituted. This proceeding does not appear to be adequate to disturb the judgment. The motion is denied.

---

SMITH (O'REILLY v.). See Case No. 10,-566.

---

## Case No. 13,087.

### SMITH v. PARKER.

[3 Cranch, C. C. 654.] [1]

Circuit Court, District of Columbia. Dec., 1829.

SLAVERY—NOTE TO FORMER MASTER BY EMANCIPATED SLAVE.

A promissory note of an emancipated slave given to his master, after emancipation and in consideration of his emancipation, is valid.

Appeal from the judgment of a justice of the peace, for $50, upon a note given by the appellant [negro William Smith] to the appellee [Daniel Parker] in consideration of his emancipation by the latter. The note was given immediately upon the execution and delivery of

[1] [Reported by Hon. William Cranch, Chief Judge.]

the deed of emancipation, and bears date the same day.

Mr. Worthington, for appellant, contended that the note was nudum pactum. The consideration was entirely past when the note was given. The slave, while a slave, was incompetent to contract, and after emancipation there was no consideration for the note. The case of Contee v. Garner [Case No. 3,139], in this court at December term, 1818, was debt upon a bond given by a slave to his master for the price of his emancipation. The suit was brought after he was emancipated. The defendant pleaded a special non est factum, namely, that when he signed, sealed, and delivered the instrument, he was a slave; and so it was not his deed. Issue being joined upon that plea, and the court being of opinion that a slave could not bind himself at law to pay money to his master, even for his freedom, the plaintiff became non pros.

Z. C. Lee, contrà, cited 1 Bl. Comm. 127, 425; Williams v. Brown, 3 Bos. & P. 72, in which Heath, J., said, "In all countries where slavery is tolerated, agreements between the master and the slave respecting the manumission of the latter, are enforced by the law. Suppose the slave, after having obtained his manumission, should refuse to perform his part of the contract, there is no country where such conduct would be endured. He is competent to enter into a contract for the purpose of his manumission, and therefore such contract may be put in force against him." And Chambre, J., said, "But I do not know that a slave is precluded from entering into a contract. He may do so, provided his contract do not affect the rights of his master. Though he cannot deprive his master of his services, yet with the consent of his master, he may engage to do service for another."

Mr. Worthington, in reply, cited Com. v. Clements, 6 Bin. 211, Pow. Cont. 348, and Wennall v. Adney, 3 Bos. & P. 249, note.

THE COURT affirmed the judgment, with costs, CRANCH, Chief Judge, doubting.

---

SMITH (PARTRIDGE v.). See Case No. 10,-787.

---

## Case No. 13,088.

### SMITH et al. v. PATTON.

[3 Pa. Law J. Rep. 508; 6 Pa. Law J. 189.]

Circuit Court, E. D. Pennsylvania. 1847.

CONTEMPT—VIOLATION OF INJUNCTION—PATENT—RELEASE.

An injunction having issued restraining the defendant from constructing or using a machine, in which complainants, as joint owners, had exclusive property, and the defendant having, simultaneously with the issuing of the injunction, leased the machine to one of the complainants, and subsequently to the assignee of that complainant's interest, each of whom had since used it, it never having been in the legal possession of the defendant since he was enjoined. Held, that such act, on the part of the